IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD DAVID MCCALISTER,

                      Petitioner,

  v.                                                        OPINION and ORDER

MR. E. EMMERICH,                                  25-cv-792-jdp

                      Respondent.

---

Petitioner Ronald David McCalister, proceeding without counsel, seeks relief under 28 U.S.C. § 2241, contending that the Bureau of Prisons unlawfully denied him a transfer to a prison in Texas nearer his family. I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See also Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Because it plainly appears that McCalister isn't entitled to relief, I will deny the petition.

I begin with some background. In the Northern District of Texas, McCalister pleaded guilty to attempted enticement of a minor and was sentenced to 235 months' imprisonment. *United States v. McCalister*, 20-cr-59 (N.D. Tx. June 18, 2020), Dkt. 38. McCalister is incarcerated at FCI-Oxford and has a release date of October 13, 2035.

While incarcerated, McCalister asked BOP officials to transfer him to a prison in Texas nearer his family. Dkt. 1-2. The request was denied due to prison population pressures. Dkt. 1-1. In affirming the denial of McCalister's administrative remedy, the Office of the General

Counsel further found that "no inmate is entitled to be designated or transferred to any particular prison or geographical area." *Id.*

A prisoner's request to be transferred to a different facility to be nearer family does not involve a "quantum change in the level of custody" and, therefore, is not reviewable in a habeas corpus petition. *See Glaus v. Anderson*, 408 F.3d 382, 387–88 (7th Cir. 2005). I will assume for purposes of this opinion that McCalister could have brought this claim in a civil rights lawsuit rather than a habeas petition. But the claim would still fail for two reasons. First, the BOP has plenary power to "designate the place of the prisoner's imprisonment." *See* 18 U.S.C. § 3621(b); *Tapia v. United States*, 564 U.S. 319, 331 (2011). Second, "[t]he Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison . . . ." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). I will deny McCalister's petition because it is plainly meritless.

ORDER

IT IS ORDERED that:

1. Petitioner Ronald David McCalister's habeas corpus petition, Dkt. 1, is DENIED.

2. The clerk is directed to enter judgment and close the case.

Entered October 28, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge